# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| In re:: | ) |
| **CHI CHI COTTON,** | ) **Case No. 14 B 31564** |
| Plaintiff. | ) Chapter 13 |
| | ) Hon.  Jack B. Schmetterer |
| _____ | ) |
| **CHI CHI COTTON,** | ) Adv. Case No. |
| Plaintiff, | ) |
| vs. | ) |
| **CAVALRY INVESTMENTS, LLC,** | ) *Adversary Complaint Objecting to Proof of Claim and for Damages for Violation of FDCPA and Fraud on the Court* |
| a Delaware limited liability company, c/o C T Corporation System 208 South LaSalle Street, Suite 814 Chicago, IL 60604 | ) |
| Defendant. | ) |

___

## ADVERSARY COMPLAINT OBJECTING TO PROOF OF CLAIM AND FOR DAMAGES FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT AND FOR FRAUD ON THE COURT
___

Chi Chi Cotton, Debtor and Adversary Plaintiff ("Plaintiff"), by and through her undersigned attorneys, for her adversary complaint against Cavalry Investments, LLC ("Cavalry") stating her objection to Proof of Claim No. 1 (the "Claim") and for damages for violations of the Fair Debt Collection Practices Act and for fraud upon the Court, states and alleges as follows:

## INTRODUCTORY STATEMENT

1. Plaintiff brings this action because Cavalry filed a proof of claim in her case and is collecting payment on debt that was charged off over five years ago. She seeks to enforce her rights, including the right to recover actual, statutory, and punitive damages, cost and attorney's fees, pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA") for Defendant's violations of FDCPA. Plaintiff also seeks redress for Cavalry's fraud upon the Court and she objects to the allowance of the Claim filed by Defendant.

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.

3. Pursuant to Internal Operating Procedure 15(a) and as authorized by 28 U.S.C. § 157(a), the United States District Court for the Northern District of Illinois has referred to this Court "any and all proceedings arising under Title 11 U.S.C. or arising in or related to any case under Title 11 U.S.C"

4. This action is a core proceeding pursuant to 28 U.S.C. § 157(b) as this is a matter that arises in and is related to the above captioned bankruptcy case (the "Bankruptcy Case"), presently pending under title 11 in this Court. This adversary case involves, *inter alia*, "matters concerning the administration of the estate" [§157(b)(2)(A)], the "allowance or disallowance of claims against the estate…" [§157(b)(2)(B)] and "other proceedings affecting the liquidation of the assets of the estate…" [§157(b)(2)(O)].

5. This adversary case also involves claims that are otherwise related to a case under title 11 [the Bankruptcy Case] and this Court has jurisdiction of those claims pursuant to 28 U.S.C. § 157(c)(1). Plaintiff consents to the entry of a final order in this proceeding by this Court.  This Court has subject matter jurisdiction conferred by 15 U.S.C.§ 1692 and 28 U.S.C. §§ 157 and 1334.

6. Venue in this District is proper under 28 U.S.C. §§ 1391(b), 1408 and 1409. Plaintiff has resided in this District for over one hundred eighty days preceding commencement of this action and the Bankruptcy Case was filed and is pending in this District. Cavalry conducts business in this District, filed proofs of claim in a case pending in this District, the conduct complained of took place in this District and Cavalry is registered to do business in this District.

**PARTIES**

7. Plaintiff resides in Chicago, Illinois. She is a "consumer" under 15 U.S.C. § 1692a(3) or § 1692c(d) because she is a natural person who Cavalry has alleged owed a debt but who in fact does not owe a debt to Cavalry.

8. Plaintiff filed a voluntary petition for relief pursuant to chapter 13 of the Bankruptcy Code, 11 U.S.C. § 301(a), and an order for relief was entered pursuant to 11 U.S.C. § 301(b) commencing the Bankruptcy Case.

9. Cavalry is a limited liability company organized and existing under the laws of the State of Delaware. Cavalry is registered in Illinois as a foreign

limited liability company authorized to do business in Illinois. Cavalry's registered agent in Illinois is: C T Corporation System, 208 South LaSalle Street, Suite 814, Chicago, Illinois. Cavalry is also licensed by the State of Illinois as a collection agency. Cavalry regularly does business in this District by collecting debts owed and by filing claims in bankruptcy cases pending in this district.

10. Cavalry purchases distressed debt portfolios from banks, consumer finance companies, public utilities, and creditors in the United States. It purchases various types of consumer receivable portfolios, including credit card, medical, utilities, telecom, and commercial receivables; auto charge-offs and deficiencies; and installment and unsecured revolving loans.

11. Cavalry is a "debt collector" under 15 U.S.C. § 1692a(6) because Cavalry regularly acquires delinquent consumer debts for collection. Cavalry regularly uses the mails and/or telephone to collect, or attempt to collect, delinquent consumer debts.

**FACTUAL ALLEGATIONS**

12. Cavalry filed the Claim in Plaintiff's Bankruptcy Case. A true and correct copy of the Claim is attached as Exhibit A. In this Claim, Cavalry alleged that Plaintiff was originally obligated to a third party as set forth in the Claim for a consumer debt incurred in Illinois ("Plaintiff's Cavalry debt") and that this debt was allegedly sold and assigned to Cavalry. The Claim is

executed by Cavalry's authorized agent and with the following affirmation: "I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information and reasonable belief."

13. Cavalry did not claim that Plaintiff's Cavalry debt was based upon a writing, express or implied, and did not attach a writing to the Claim.

14. Plaintiff's Cavalry debt arises out of transactions which are "primarily for personal, family or household purposes." Plaintiff's Cavalry debt is a "consumer debt" within the meaning of the FDCPA.

15. By filing the Claim, Cavalry sought to collect a consumer debt which it represented and claimed was owed by Plaintiff to Cavalry and for which it sought payment in the Bankruptcy Case.

16. In the Claim, Cavalry states that Plaintiff's Cavalry debt was charged off more than five years prior to the date that the Claim was filed. Cavalry made these statements pursuant to Bankruptcy Rule 3001.

17. Plaintiff agrees that she has not had any transaction and has not made any payment relevant to the Cavalry debt subsequent to the date that the Cavalry debt was charged off as set forth in the Claim. Plaintiff's Cavalry debt was in default prior to Cavalry's purchase of that debt.

18. At the time that Cavalry filed the Claim, the statute of limitations in Illinois to sue to collect on a credit card account or on account of an oral contract was and is five years. 735 ILCS 5/13-205; *Portfolio Acquisitions, LLC*

*v. Feltman,* 391 Ill.App.3d 642, 330 Ill.Dec. 854, 909 N.E.2d 876 (2009) (applying the five year oral contract statute of limitation to credit card debt in Illinois).

19. Under Illinois law, Cavalry was, as of the date that it filed the Claim barred from collecting Plaintiff's Cavalry debt from Plaintiff in either state or federal court. Any claim arose more than five years prior to the date the Claim was filed.

20. At the time that Cavalry filed the Claim, Cavalry did not have a "claim" as defined by 11 U.S.C. § 101(5) because Cavalry did not have a "right to payment" from Plaintiff or her Bankruptcy Case.

21. Cavalry fails to maintain systems and procedures which could prevent the filing of time barred claims in bankruptcy cases.

22. Cavalry has engaged in a pattern and practice of filing time barred claims in bankruptcy cases. Cavalry has done so knowingly and intentionally as a part of a scheme to improperly obtain payment from consumer bankruptcy cases on time barred debts.

## COUNT I
## VIOLATION OF FDCPA

1-22. Plaintiff incorporates paragraphs 1-22.

23. Cavalry violated §§ 1692e and 1692f of the FDCPA. Section 1692e of the FDCPA provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the

collection of any debt." 15 U.S.C. § 1692e. Section 1692e furnishes a nonexclusive list of prohibited practices, including the following: false representation of the character, amount, or legal status of any debt, § 1692e(2)(A); threat to take any action that cannot legally be taken, § 1692e(5); and use of any false representation or deceptive means to collect or attempt to collect any debt, § 1692e(10).

24.  Section 1692f states that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." *Id*. § 1692f.

25.  Attempts by debt collectors to collect time-barred debts violate § 1692e of the FDCPA, *see, Phillips v. Asset Acceptance*, 736 F.3d. 1076, 1079 (7th Cir. 2013) (collection lawsuits); *McMahon v. Cavalry Funding*, 744 F.3d 1010 (7th Cir. 2014) (collection letters); *Crawford v. Cavalry Funding*, 758 F.3d 1254 (11th Cir. 2014) (filing a proof of claim); and, *Patrick v. PYOD*, 2014 U.S. Dist. LEXIS 116092 (S.D. Ind. August 20, 2014)(filing a proof of claim). By filing the Claim and by attempting to collect a debt which it could not legally collect, Cavalry violated the FDCPA. Any action to collect that debt was barred by Illinois's statute of limitations, because the cause of action accrued more than five years prior to the date the Claim was filed.  Because Cavalry did not have the right to collect Plaintiff's Cavalry debt, the allegation and representation to the contrary in its proofs of claim is a "false representation" of the "character" and "amount" of Plaintiff's Cavalry debt.

26. Cavalry misrepresented the legal status of Plaintiff's Cavalry debt in violation of the FDCPA, claiming that it was a debt it could collect. Cavalry threatened to take an action to collect a debt which could not be legally taken.

27. Cavalry used a deceptive means to attempt to collect Plaintiff's Cavalry debt by using the Bankruptcy Court and the proof of claims process in a manner prohibited by law.

28. Cavalry engaged in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of a debt in violation of 15 U.S.C. § 1692d.

29. The conduct of Cavalry was intentional, undertaken in bad faith, knowingly, and/or in gross or reckless disregard of Plaintiff's rights and not as a result of any bona fide error.

30. The filing of time-barred proofs of claim by Cavalry in the Bankruptcy Case was "unfair," "unconscionable," "deceptive," and "misleading" within the broad scope of § 1692e and § 1692f.

31. Plaintiff has suffered actual damages due to the conduct of Cavalry and its violations of the FDCPA.

32. Plaintiff is entitled to statutory damages in the amount of $1,000.00, costs and reasonable attorney's fees. 15 U.S.C. § 1692k.

**WHEREFORE**, Plaintiff prays for the entry of judgment in her favor and against Cavalry, finding that Cavalry intentionally violated the FDCPA, awarding Plaintiff compensatory damages, statutory damages of $1,000, costs

and reasonable attorney's fees, and for such other and further relief as is just and proper.

## COUNT II
## FRAUD ON THE COURT

1-32. Plaintiff incorporates paragraphs 1-32.

33. Cavalry filed the Claim with actual knowledge that it was barred by Illinois' statute of limitations.

34. Cavalry's conduct constitutes a fraud on the Court in that Cavalry has knowingly and fraudulently filed a claim in this Bankruptcy Case in violation of 18 U.S.C. §§ 152 and 3571. Section 152 makes it a criminal offense subject to a fine and imprisonment of up to five years for any person who "knowingly and fraudulently" "makes a false oath or account in or in relation to any case under title 11," [1] or "makes a false declaration, certificate, verification, or statement under penalty of perjury" [2] or "presents any false claim for proof against the estate of a Plaintiff" [3] or receives any material amount of property from a Plaintiff after the filing of a case under title 11, with intent to defeat the provisions of title 11."[4]

---

[1] 11 U.S.C. § 152(2).
[2] 11 U.S.C. § 152(3)
[3] 11 U.S.C. § 152(4)
[4] 11 U.S.C. § 152(5)

35. This Court has authority under Section 105(a) of Title 11 of the United States Code to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

36. This Court also has authority under Bankruptcy Rule 9011. Rule 9011 is the bankruptcy equivalent of Rule 11 of the Federal Rules of Civil Procedure. Anyone who presents ("whether by signing, filing, submitting or later advocating") a particular position to the court ("a petition, pleading, written motion, or other paper") has an affirmative obligation to conduct a reasonable investigation into both the law and the facts before doing so and that inquiry must lead to the conclusion that the presenter's position is warranted by existing law or a non-frivolous argument. *See*, **In re Cassell**, 254 B.R. 687, 691 (6th Cir. BAP 2000) ("Proofs of claim must meet the standards of [Rule 9011]"); **In re Rogers**, 391 B.R. 317, 323 (Bankr. M.D. La. 2008) ("Bankruptcy Rule 9011 can be used to sanction a creditor that files a proof of claim without proper pre-filing investigation and support, or that otherwise violates Rule 9011." (collecting cases)); **In re Dansereau**, 274 B.R. 686, 688-89 (Bankr. W.D. Tex. 2002); **In re Knox**, 237 B.R. 687, 697 (Bankr.N.D. Ill. 1999). *See also*, **Adair v. Sherman**, 230 F.3d 890, 895 n.8 (7th Cir. 2000) ("Plaintiffs facing fraudulent proofs claim should seek sanctions under [Rule 9011(b)].").

37. Cavalry failed to conduct an adequate investigation in this case. The fact that the Claim was barred by Illinois' statute of limitations was patently obvious from the materials attached to those claims.

38. Cavalry has exhibited a pattern and practice of willfully and intentionally failing to comply with the Rules of Bankruptcy Procedure and the Bankruptcy Code in connection with the filing time barred claims in bankruptcy cases. Cavalry has done so knowingly and intentionally as a part of a scheme to improperly obtain payment from consumer bankruptcy cases on time barred debts.

39. This Court should impose sanctions against the Cavalry for filing improper, fraudulent and time barred claims in this case.

40. Plaintiff has suffered actual damages due to the conduct of Cavalry in that she has been forced to expend time and resources to challenge the claims and to protect her rights. She has incurred attorney's fees and expenses as a result. On information and belief, Cavalry has been paid a dividend on the claim by the Chapter 13 trustee.

41. This Court has had to expend valuable judicial resources to resolve the claim.

42. Left unchallenged, the conduct of Cavalry would have resulted in additional payments on the claims from Plaintiff's bankruptcy estate to the detriment of all other creditors with allowed claims. Those creditors would

have received a proportionately smaller distribution and would thus suffer economic damage due to the conduct of Cavalry.

43. Left unpunished, Cavalry will not be deterred from continuing its conduct and will further undermine the bankruptcy process, harm debtors, damage other creditors and waste judicial resources.

44. The improper claims which Cavalry routinely files may often be small relative to all the claims in any given estate. This should not obscure the fact that when this conduct is repeated tens of thousands of times in bankruptcy cases across the country Cavalry reaps substantial, unjustified payments totaling millions of dollars annually at the expense of debtors and valid claimants. The conduct of Cavalry is nothing short of theft conducted under the guise of the United States Bankruptcy Court. This Court is empowered and compelled to put an end to this practice.

**WHEREFORE**, Plaintiff prays for the entry of judgment in her favor and against Cavalry, sustaining Plaintiff's objection to the allowance of the Claim, finding that Cavalry intentionally committed fraud upon the Court, awarding Plaintiff compensatory damages, punitive damages, costs and reasonable attorney's fees, compelling Cavalry to disgorge all payments received on the Claim, and for such other and further relief as is just and proper.

### COUNT III
### OBJECTION TO THE CLAIM

1-44. Plaintiff incorporates paragraphs 1-44.

45. Pursuant to Rule 3007 of the Federal Rules of Bankruptcy Procedure, Plaintiff objects to the allowance of the Claim.

**WHEREFORE**, Plaintiff prays for the entry of judgment in her favor and against Cavalry, sustaining her objection to the Claim, awarding Plaintiff compensatory damages, punitive damages, costs and reasonable attorney's fees, compelling Cavalry to disgorge all payments received on the Claim, and for such other and further relief as is just and proper.

*Respectfully submitted,*

**CHI CHI COTTON**

By:  */S/ Rusty A. Payton*

**One of Her Attorneys**

**Counsel for Plaintiff:**

Rusty A. Payton (#06201771)
PaytonDann
161 North Clark Street, Suite 4700
Chicago, Illinois 60601
*email: payton@paytondann.com*
Ph. and fax:  (312) 702-1000

B10 (Official Form 10) (04/13)

| UNITED STATES BANKRUPTCY COURT NORTHERN DISTRICT OF ILLINOIS | PROOF OF CLAIM |
|---|---|

| Name of Debtor:<br>**Chichi Cotton** | Case Number:<br>**1431564** | |
|---|---|---|

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
**Cavalry SPV I, LLC as assignee of Sprint**

COURT USE ONLY

| Name and address where notices should be sent:<br>**Cavalry SPV I, LLC**<br>**500 Summit Lake Drive, Ste 400**<br>**Valhalla, NY 10595**<br>Telephone number: **(914) 347-3440**   email: | ❐ Check this box if this claim amends a previously filed claim.<br><br>**Court Claim Number:**_____<br>(*If known*)<br><br>Filed on:_____ |
|---|---|

| Name and address where payment should be sent (if different from above):<br>**Cavalry SPV I, LLC**<br>**P.O. Box 27288**<br>**Tempe, AZ 85282**<br>Telephone number:   email: | ❐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars. |
|---|---|

1. **Amount of Claim as of Date Case Filed:**   $ **$320.37**

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☒ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

2. **Basis for Claim:** **TELEPHONE SERVICE**
   (See instruction #2)

| 3. Last four digits of any number by which creditor identifies debtor:<br>**0  7  5  1** | 3a. Debtor may have scheduled account as:<br>_____<br>(See instruction #3a) | 3b. Uniform Claim Identifier (optional):<br>**C P S C A V 1 4 3 1 5 6 4 I L N 5 8 0 6 0 7 5 1**___<br>(See instruction #3b) |
|---|---|---|

| 4. **Secured Claim** (See instruction #4)<br>Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.<br><br>**Nature of property or right of setoff:** ❐ Real Estate  ❐ Motor Vehicle  ❐ Other<br>**Describe:**<br><br>**Value of Property:** $_____<br><br>**Annual Interest Rate**_____% ❐ Fixed  or  ❐ Variable<br>(when case was filed) | Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:<br><br>$_____<br><br>Basis for perfection: _____<br><br>Amount of Secured Claim:    $_____<br><br>Amount Unsecured:    $_____ |
|---|---|

5. **Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a). If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.**

| ❐ Domestic support obligations under 11 U.S.C. § 507 (a)(1)(A) or (a)(1)(B). | ❐ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507 (a)(4). | ❐ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(5). | |
|---|---|---|---|
| ❐ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a)(7). | ❐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8). | ❐ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)(__). | **Amount entitled to priority:**<br>$_____ |

*Amounts are subject to adjustment on 4/01/16 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

6. **Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

0236
SPRINT 06/06

| | |
|---|---|
| **7. Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. If the claim is secured by the debtor's principal residence, the Mortgage Proof of Claim Attachment is being filed with this claim. *(See instruction #7, and the definition of "redacted".)*<br><br>DO NOT SEND ORIGINAL DOCUMENTS.  ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.<br><br>If the documents are not available, please explain: | |

**8. Signature:** (See instruction #8)

Check the appropriate box.

☐ I am the creditor.   ☒ I am the creditor's authorized agent.   ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)   ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name:  Johana Stanley
Title:            Bankruptcy Specialist
Company:    Cavalry Portfolio Services, LLC
Address and telephone number (if different from notice address above):

_____
_____
Telephone number:                email:

/s/ Johana Stanley                  8/29/2014
(Signature)                                (Date)

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

### INSTRUCTIONS FOR PROOF OF CLAIM FORM
*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*
**Items to be completed in Proof of Claim form**

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As**:
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See Definitions.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. § 507 (a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest and documents required by FRBP 3001(c) for claims based on an open-end or revolving consumer credit agreement or secured by a security interest in the debtor's principal residence. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

B10 (Official Form 10) (04/13) 3

_____DEFINITIONS_____          _____INFORMATION_____

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is a person, corporation, or other entity to whom debtor owes a debt that was incurred before the date of the bankruptcy filing. See 11 U.S.C. §101 (10).

**Claim**
A claim is the creditor's right to receive payment for a debt owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the clerk of the same bankruptcy court in which the bankruptcy case was filed.

**Secured Claim Under 11 U.S.C. § 506 (a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien.

A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. § 507 (a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor must show only the last four digits of any social-security, individual's tax-identification, or financial-account number, only the initials of a minor's name, and only the year of any person's date of birth. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may access the court's PACER system (www.pacer.psc.uscourts.gov) for a small fee to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.



# Statement Of Account

**Chichi Cotton   117 N WALLER AVE   CHICAGO, IL 606442902**

## Bankruptcy Rule 3001(c)(2)(A) Statement

| | |
|---|---|
| **Principal Due** | $320.37 |
| **Interest Due** | $0.00 |
| **All Other Charges** | $0.00 |
| **Filing Amount** | $320.37 |

## Bankruptcy Rule 3001(c)(3)(A) Statement

| | |
|---|---|
| **Name of the entity from whom the creditor purchased the account** | Sprint |
| **Name of the entity to whom the debt was owed at the time of the account holder's last transaction on the account** | Sprint |
| **Last Transaction Date** | 06/24/2004 |
| **Last Payment Date** | 06/24/2004 |
| **Account Charge Off Date** | 10/28/2004 |

Agreement No _Cavalry PSA 15322

### Exhibit 1

### BILL OF SALE AND ASSIGNMENT AGREEMENT

THIS BILL OF SALE AND ASSIGNMENT AGREEMENT is dated this 23rd day of June, 2006 among the Sprint entities listed below (together, "Sprint") and Cavalry SPV I, LLC, a Delaware limited liability company ("Buyer").

For value received and subject to the terms and conditions of the Purchase and Sale Agreement dated June 23, 2006 by and between Buyer and Sprint (the "Purchase Agreement"), Sprint does hereby transfer, sell, assign, convey, grant, bargain, set over and deliver to Buyer, the Accounts described in the Purchase and Sale Agreement and Exhibits thereto, and all proceeds received on the Accounts after the Cutoff Date, and Buyer hereby accepts such Accounts and proceeds.

This Bill of Sale and Assignment and Agreement is executed without recourse and without representations or warranties including, without limitation, warranties as to collectability, except as stated in the Purchase and Sale Agreement.

**SELLERS:**

Sprint Spectrum L.P., a Delaware corporation

By: _____
Name:
Title: Director Supply Chain Management
Date: June 23, 2006

PhillieCo L.P., a Delaware corporation

By: _____
Name:
Title: Director Supply Chain Management
Date: June 23, 2006

SprintCom, Inc., a Delaware corporation

By: _____
Name:
Title: Director Supply Chain Management
Date: June 23, 2006

**BUYER:**

Cavalry SPV I, LLC, a Delaware limited liability company

By: _____
Name: Michael Gother
Title: Chief Financial Officer & Treasurer
Date: June 23, 2006

Agreement No _Cavalry PSA 15322

**Sprint Telephony PCS, L.P., a Delaware corporation**

By: _[signature]_
Name:
Title: Director Supply Chain Management
Date: June 23, 2006